## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**JIE SHAN and LESLIE ALLEN,**

     **Plaintiffs,**

     **v.**                                     **Case No.:**

**UNITED AIRLINES, JOHN DOE I, Captain/Pilot; and,**

**JOHN DOES II-X, Unknown Persons,**

     **Defendants.**

---

## <u>COMPLAINT</u>

     COMES NOW, Plaintiffs JIE SHAN and LESLIE ALLEN, by and through their undersigned attorneys, and sues Defendant UNITED AIRLINES (hereinafter UNITED), JOHN DOE I, Captain/Pilot; and, JOHN DOES II-X, Unknown Persons, and in support of such states as follows:

### <u>PARTIES, JURISDICTION, AND VENUE</u>

     1.     At all times material hereto, Plaintiffs JIE SHAN and LESLIE ALLEN were and remain residents of New York.  Plaintiff Jie Shan is an Asian American woman of Chinese descent who speaks Mandarin as a first language and English as a second language.  Plaintiff LESLIE ALLEN is a Black African American man of Jamaican descent.

     2.     Defendant UNITED, owns and operates its business in the state of New Jersey, including regularly operating flights out of the Newark Liberty International Airport located at: 3 Brewster Rd., Newark, New Jersey 07114.  Defendant JOHN DOE I

is a pilot/captain employed by UNITED who was responsible for the subject flight.  JOHN DOES II-X, are unknown UNITED employees involved in unlawfully removing Plaintiffs from the flight, racial discrimination, and otherwise violating Plaintiffs rights.

3.      The subject matter of the incident occurred in Newark, New Jersey.

4.      Jurisdiction is proper as the amount in controversy exceeds $75,000.00 exclusive of costs, interest and attorney fees. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate all state-law claims pendent to the federal claims that are the thrust and gravamen of this action.  This Court also has independent jurisdiction over the state-law claims under 28 U.S.C. § 1332(a)(1), predicated on diversity of citizenship.  These claims are brought by individual residents of New York against a corporation domiciled in Chicago, Illinois, seeking damages in excess of $75,000, exclusive of interest and costs.

5.      Venue is proper and this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1981 in the United States District Court for the State of New Jersey, within the territorial boundaries of which occurred all or the substantial part of the acts, events, or omissions pertinent and giving rise to this action.

## **FACTUAL ALLEGATIONS**

6.      On December 12, 2019, Plaintiff Jie Shan an Asian American woman of Chinese descent who speaks Mandarin as a first language and English as a second language, and Leslie Allen, a Black African American man of Jamaican descent, were scheduled on a United Airlines flight from Newark, New Jersey to Miami, Florida, Flight Number UA1647.

7.      At all times material hereto, Defendant UNITED owned and/or operated the subject airline flights conducting business at: Newark Liberty International Airport located at: 3 Brewster Rd., Newark, New Jersey 07114.  Plaintiffs purchased two seats on UNITED Flight Number UA1647.

8.      At all times material hereto, UNITED employed flight attendants and employees acted on behalf of UNITED, in furtherance of their duties and obligations to Defendant UNITED and for the benefit of Defendant UNITED.   All of UNITED's employees' actions and inactions described *infra*, were performed within the scope of their respective employments with UNITED, and as actual and/or apparent agents of UNITED. UNITED is therefore vicariously liable for any and all tortious injury resulting from the actions of its employees and/or agents.

9.      On December 12, 2019, Plaintiffs were flying to Miami, Florida from Newark Liberty International Airport.   Plaintiffs boarded Flight 1647 and took their assigned seats.  Mrs. Shan was assigned to 24B, a middle seat and Mr. Allen was assigned to 24C, the aisle seat. As the rest of the aircraft finished boarding, Ms. Shan noticed that no one had occupied 24A, the window seat in their aisle. Ms. Shan's husband, Mr. Allen suffers from kidney disease among other medical conditions, and therefore Ms. Shan decided to move over to 24A which was the empty window seat so there would be an empty seat in between them and her husband would be more comfortable. Moments later, a White Caucasian man approached Plaintiffs' aisle and asked Mrs. Shan if he could sit in 24A, the window seat Mrs. Shan had occupied. This passenger did not show a boarding pass indicating that he had been assigned and/or purchased said seat, however, Mrs. Shan immediately vacated the seat so that this passenger could be seated in 24A. Mrs. Shan

complied with the passenger's request without issue, and as she tried to gather her belongings and explain to her husband what transpired, the passenger began trying to explain his version of events to Plaintiffs. English is not Mrs. Shan's native language, and as she tried to explain and relay the information from this passenger to her husband, the passenger grew visibly frustrated and annoyed which made Plaintiffs nervous.  Plaintiffs quietly complied with the White male passenger's request without issue and without any instruction from United Airlines, Inc., agents and/or employees.

10.     Moments later, upon information and belief, an individual who identified himself as an air marshal approached the aisle and asked if there was a problem, to which Plaintiffs and the fellow passengers answered "no," there was no problem. Once the assumed air marshal took his seat, the gate manager made her way onto the plane and also approached Plaintiffs. This time Plaintiffs were specifically asked, "*is there a problem here?*" Plaintiffs were confused and nervous at this subsequent confrontation especially after quietly complying and not causing any sort of scene or disturbance. Plaintiffs responded that there was no issue, in fact Mrs. Shan told the gate manager, "*he asked for the window seat, so I moved and gave him the seat*." The gate manager then told Plaintiffs, "*okay, I just wanted to make sure there was no issue. If there is no issue here, then I can close the gate. I'm going to close the gate okay?*" At this point Plaintiffs were scared and nervous and could not understand why they were being confronted by multiple people as if they had caused some sort of disturbance or been aggressors in a violent situation instead of two passengers simply changed a seat, one with a serious medical condition.

11.     Minutes after the gate manager left the aircraft, a Port Authority Officer made her way onto the aircraft, and aggressively confronted Plaintiffs. Once again, Mrs.

Shan explained that there was no issue, she informed the officer that the passenger in the window seat asked for the seat, so they quietly complied, and she moved over. At this moment, the Port Authority officer began raising her voice and yelled at Plaintiffs to remove themselves from the plane.  Plaintiffs were in shock and humiliated, as they had done nothing wrong. They quietly complied with the Officer's requests although they were terrified. The Port Authority Officer then yelled at them that if they did not hurry up they would be arrested and that they would never be allowed to fly out of Newark Liberty International Airport again.  Several armed Officers surrounded Plaintiffs, including at least one with what appeared to be a long-barreled rifle or machine gun. Once outside at the gate, Plaintiffs continued to be threatened for no reason, and were then informed that they would be permanently removed from the flight and would have to be put on another flight. Plaintiffs were told they were being removed from the flight without any explanation as to why other than it was the United Airlines Captain's decision to have Plaintiffs' removed to appease a belligerent White male, despite the fact they had done nothing wrong.

12.     Caucasian passengers regularly switch unoccupied seats in the same row without issue, without being accused of committing a crime or creating a disturbance, and are not removed from a flight, falsely imprisoned, and threatened with arrest.  Plaintiffs Jie Shan and Leslie Allen were removed from the plane, falsely imprisoned, and threatened with arrest due to their race and/or national origin.

13.     On January 16, 2020, UNITED airlines offered an apology to the Plaintiffs and offered monetary compensation that was not accepted by Plaintiffs.

14.     UNITED has a pattern and practice and/or custom and policy of racially profiling racial minorities.

15.    In 2017, Chinese physician David Dao was violently dragged off of United Airlines flight after he was selected due to his race to give up his seat. Dr. Dao suffered a broken nose and missing teeth and was selected *only* because he was an Asian male.

16.    UNITED employees removed Nigerian Queen Obioma from a flight when a White passenger refused to move out of *her* business class seat.  Instead, United Airlines employees removed Queen Obioma from the plane and accused her of smelling "pungent."

17.    In another case a former NBA player Eric Murdock, an African American male, filed a lawsuit against United Airlines for discrimination, harassment, and humiliation when Eric Murdock and Brenda Williams requested to sit in an exit row. UNITED employees told Murdock that there was a premium price for the seats, a price that this first round NBA draft pick could *easily* afford. This same United Airlines employee refused to allow Murdock to sit in the exit row but allowed another White female passenger to not only sit in the exit row but served her beverages as well. When another African American passenger Brenda Williams asked why UNITED's employee was being rude to Murdock, this United Airlines employee began screaming at her accused her of recording her and attempted to physically remove her phone from her hands. Later, she snidely and condescendingly asked Murdock if he wanted a beverage or if he was going to "boycott." United Airlines had security personnel remove Mr. Murdock and Ms. Williams from the plane immediately upon arrival. Dr. Cornel West and Black United Airlines Pilots held a Media Day in an attempt to combat the systemic racism at United Airlines due to the race discrimination, retaliation and civil rights violations by United Airlines.

18.    As flight operator UNITED had a duty to protect Plaintiffs from false accusations of criminal misconduct and/or of misconduct that could lead passengers to

being removed from the aircraft, threatened with arrest, subjected to racial profiling, harassment, discrimination, false imprisonment, and intentional infliction of emotional distress, and race discrimination in contract and in public transportation as prohibited by Federal law.

19.     UNITED's actions actually and proximately caused Plaintiffs to experience mental pain and suffering, sleeplessness, paranoia, panic attacks, fear, anxiety, embarrassment, humiliation, and has suffered monetary damages.  Plaintiffs suffered humiliation and anxiety as a result of the incident.  Plaintiff Jie Shan was so emotionally disturbed by the incident that she had extreme difficulty sleeping and fainted in an elevator due to sleep deprivation from the stress and anxiety caused by the incident.

20.     Plaintiffs have suffered economic and emotional damages and physical injury in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00 including interest, together with costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable, and file the instant action to demand an award for injuries and damages against same.

## COUNT I: VIOLATION OF 42 U.S.C. § 1981, RACE DISCRIMINATION, AGAINST UNITED

21.     Plaintiffs incorporate paragraphs 1 through 20, as if fully stated herein.

22.     Plaintiff Leslie Allen is a member of the African American race and Plaintiff Jie Shan is a member of the Asian race within the meaning of 42 U.S.C.A. § 1981. At all times relevant, Plaintiffs were in a contractual relationship with UNITED for purchase of a flight from Newark, New Jersey to Miami, Florida, within the meaning of 42 U.S.C. § 1981, as amended.

23.     Plaintiffs purchased two seats on a UNITED flight in consideration of being transported by plane from Newark, New Jersey to Miami, Florida on December 12, 2019.  Plaintiffs were removed from the flight and deprived of the right to enforce and/or receive benefits from the contract with UNITED for the said flight due to their race.  The right to enforce contracts for flights with UNITED based upon the circumstances described above was not denied to White customers.  As such, UNITED violated 42 U.S.C.A. § 1981(b), as amended.

24.      UNITED's treatment, practices, and policies directed toward Plaintiffs denied them full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-Black and non-Asian citizens, in violation of 42 U.S.C.A. § 1981, as amended.

25.     Defendant UNITED's treatment, practices and policies directed toward Plaintiffs denied them the right to enforce contracts as enjoyed by UNITED's non-Black and non-Asian passengers, in violation of 42 U.S.C.A. § 1981, as amended.

26.     Defendant UNITED did not subject its passengers who are not Black or Asian citizens to a hostile environment while on flights, unlawfully remove them from an aircraft and have them threatened with arrest, and did subject Caucasian passengers to false imprisonment, embarrassment and humiliation.   UNITED's disparate treatment of Plaintiffs created a hostile environment, on the basis of Plaintiffs' race under 42 USC § 1981, actions and treatment of Plaintiffs indicated that Defendant UNITED intended to discriminate against Plaintiffs on the basis of race.

27.     Defendant UNITED had knowledge that its employees had a history of the discriminatory acts directed at Black passengers and Asian passengers. Despite knowing

8

about the unlawful actions perpetuated against Plaintiffs, UNITED did not take any action to prevent the discriminatory acts directed at Black or Asian customers, failed to offer training or supervision to prevent violations of 42 U.S.C. § 1981.

28.      The discriminatory environment was so pervasive that it interfered with Plaintiffs' ability to enforce a contract with UNITED.

29.      As a direct, legal, and proximate and/or "but for" cause of Defendant UNITED's discrimination in violation of Section 1981, Plaintiffs suffered embarrassment, humiliation, emotional distress, pain and mental anguish, and other forms of damage; and loss of enjoyment of life, thereby entitling Plaintiffs to damages in an amount to be proven at trial. In its discriminatory actions as alleged above, Defendant UNITED acted with malice or reckless indifference to the rights of Plaintiffs, thereby entitling Plaintiffs to an award of punitive damages.

30.      **WHEREFORE**, Plaintiffs demand judgment against Defendant UNITED, as follows: enter judgment in Plaintiffs' favor for its violations of 42 U.S.C.A. § 1981, as amended; Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish and physical injury Plaintiffs have suffered; Award Plaintiffs punitive damages;   Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## COUNT II: FEDERAL AVIATION ACT, 49 U.S.C. § 40127(a) AGAINST UNITED

31.      Plaintiffs incorporate paragraphs 1 through 20, as if fully stated herein.

32.     Defendant UNITED is prohibited from discrimination based on "race, color, national origin…or ancestry" as an air carrier pursuant to 49 U.S.C. § 40127(a).

33.     Defendant UNITED discriminated against Plaintiff Jie Shan an Asian woman based upon her race, color, and/or national origin, and/or ancestry as described above.  Defendant UNITED also discriminated against Plaintiff Leslie Allen as a Black African American of Jamaican descent.

34.     In particular Defendant UNITED racially profiled Plaintiffs and had them unlawfully denied services and transportation; subjected them to markedly hostile conduct; racial profiling; unwanted, offensive and unlawful false imprisonment or confinement against one's will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress.

35.     UNITED caused Plaintiffs to experience extreme and severe anxiety, embarrassment, fright, humiliation, shame, and other mental distress, and physical injury.

36.     **WHEREFORE**, Plaintiffs demand judgment against Defendant UNITED, as follows: enter judgment in Plaintiffs' favor for its violations of 49 U.S.C. § 40127(a), as amended; Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, pain and mental anguish Plaintiffs have suffered; Award Plaintiffs punitive damages;  Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## COUNT III: FALSE IMPRISONMENT, AT COMMON LAW, AGAINST UNITED, JOHN DOE I, AND JOHN DOES II-X

37.     Plaintiffs incorporate paragraphs 1 through 20, as if fully stated herein.

38.     As described above, UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, directed and otherwise caused Plaintiffs' physical movements to be kept in custody and/or control of a flight marshal, law enforcement, and/or a UNITED employee while Plaintiffs removed the plane and into the airport.  At no point did Plaintiffs consent, expressly or effectively, to being publicly detained and/or removed from the plane.  UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, thus caused Plaintiffs to be confined, detained, and restrained against their will.

39.     By causing Plaintiffs' confinement, detention, and restraint, UNITED, and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, compelled Plaintiffs to be removed from the plane and did not allow them to control their own movements, stay on the plane and/or leave at their own discretion and without being physically controlled and monitored by third persons, or at least go to a less conspicuous manner so as not to suffer humiliation and embarrassment.

40.     UNITED, and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, acted intentionally, recklessly, and maliciously.  The conduct was sufficiently egregious to entitle Plaintiffs to an award of punitive damages.

41.     **WHEREFORE**, Plaintiffs demand judgment against Defendant UNITED, and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs

compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered; Award Plaintiffs punitive damages;   Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AT COMMON LAW AGAINST UNITED, JOHN DOE I, and JOHN DOES II-X

42.     Plaintiffs incorporate paragraphs 1 through 20, as if fully stated herein.

43.     UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, acted intentionally, recklessly, or both when they accused Plaintiffs of a crime, misconduct and/or interrupting a flight and caused them to be subjected to conduct described above.

44.     Particularly given the total dearth of reasonable cause to suspect that Plaintiffs had committed any crime, and/or interrupted a flight, and/or engaged in misconduct, Plaintiffs mistreatment by UNITED, UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, was so outrageously atrocious as to be utterly intolerable in civilized society.

45.     The extreme, outrageous conduct by UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, toward Plaintiffs was the sort of conduct capable of causing a reasonable person, normally constituted, to experience extreme and severe emotional distress.

46.     Plaintiffs did in fact experience extreme and severe emotional distress as a result of UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-

X, unknown UNITED employees and/or agents, misconduct directed toward them and Plaintiffs are entitled to recover just compensation.

47.     Furthermore, in so acting, UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, employees and agents acted intentionally, recklessly, and maliciously.  Their conduct was sufficiently egregious to entitle Plaintiffs to an award of punitive damages.

48.     **WHEREFORE**, Plaintiffs demand judgment against Defendant UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered; Award Plaintiffs punitive damages;   Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## COUNT V: GENERAL NEGLIGENCE, COMMON CARRIER AT COMMON LAW AGAINST UNITED, JOHN DOE I, and JOHN DOES II-X.

49.     Plaintiffs incorporate paragraphs 1 through 20, as if fully stated herein.

50.     UNITED is considered a common carrier in New Jersey, as it is an airline that transport passengers.  As a common carrier, UNITED had a duty to use the utmost caution to protect its passengers, or the caution that would be used by a very careful and prudent person.  UNITED's employees JOHN DOE I and JOHN DOES II-X also owe an obligation as common carriers to Plaintiffs.

51.     UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, breached the duty owed to Plaintiffs as its passengers, and failed to properly investigate the incident prior to removing Plaintiffs from the plane under threat of arrest, subjecting Plaintiffs to racial profiling, false imprisonment, emotional distress, and humiliation.  UNITED's policies and practices, which UNITED'S employees and agents whose conduct is described above were adhering to and implementing at all pertinent times, directly, legally, and proximately caused Plaintiffs to experience unlawful denial of services and/or transportation; markedly hostile conduct; racial profiling; unwanted, offensive and unlawful false imprisonment or confinement against one's will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress.

52.     Due to multiple prior incidents of racial discrimination on UNITED's flights, UNITED knew that its policies and practices in place on December 12, 2019, created a substantial and unjustifiable risk that non-White customers would be subject to unlawful denial of services; markedly hostile conduct; racial profiling; unwanted, offensive and  unlawful false imprisonment or confinement against one's will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress. It had failed to correct these conditions, as evidenced by what Plaintiffs experienced.

53.     As the owner and the operator of UNITED flight, UNITED had a duty to take the utmost caution to protect its business invitees in that establishment, including Plaintiffs, as well as other persons, against unlawful denial of services; markedly hostile conduct; racial profiling; unwanted, offensive and unlawful false imprisonment or confinement against one's will; malicious harassment; false-light publicity; and

14

intentionally, recklessly, or negligently caused extreme and severe emotional distress. UNITED failed to take such precautions on December 12, 2019, as evidenced by what Plaintiffs experienced.

54.    The above-described conditions, which UNITED and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, either created or failed to remedy or mitigate, caused Plaintiffs to experience extreme and severe anxiety, embarrassment, fright, humiliation, shame, and other mental distress.

55.    **WHEREFORE**, Plaintiffs demand judgment against Defendant UNITED, and/or JOHN DOE I, a UNITED pilot/captain, and/or JOHN DOES II-X, unknown UNITED employees and/or agents, as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered;   Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## COUNT VII: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION AT COMMON LAW AGAINST UNITED

56.    Plaintiffs incorporate paragraphs 1 through 20, as if fully stated herein.

57.    As employer, principal, and supervisor of the employees and agents whose actions are described above, UNITED had a duty exercise reasonable care in the hiring and makeup of its workforce to protect its business invitees, including Plaintiffs, and other persons, against unlawful denial of services; markedly hostile conduct; racial profiling;

unlawful false imprisonment or confinement against one's will; malicious harassment; and intentionally, recklessly, or negligently caused extreme and severe emotional distress.

58.     Prior to December 12, 2019, UNITED failed to exercise such care with respect to its employees and agents whose conduct is described above.  Had UNITED exercised appropriate care over its workforce, Plaintiffs would not have been dealing with the UNITED employees and agents whose conduct is described above, and thus would not have been subjected to such markedly hostile, highly offensive conduct.

59.     The markedly hostile, highly offensive conduct to which UNITED's employees and agents subjected Plaintiffs to caused them to experience extreme and severe anxiety, embarrassment, fright, humiliation, shame, and other mental distress.

60.     **WHEREFORE**, Plaintiffs demand judgment against Defendant UNITED as follows: enter judgment in Plaintiffs' favor for its violations including: Award Plaintiffs actual damages suffered; Award Plaintiffs compensatory damages for the embarrassment, anxiety, humiliation and emotional distress and physical injury, Award pain and mental anguish Plaintiffs have suffered; Award Plaintiffs prejudgment interest on their damages award; Award Plaintiffs reasonable costs and attorney's fees; and Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## COUNT VIII: NEW JERSEY LAW AGAINST DISCRIMINATION CLAIM

61.     Plaintiffs incorporate paragraphs 1 through 20, as if fully stated herein.

62.     This matter is opened to the Court pursuant to the New Jersey Law Against Discrimination ("NJLAD"). Specifically, Plaintiffs contend that the operative portions of the NJLAD in this matter concern discrimination in a place of public accommodation. Plaintiffs contend that they were discriminated against on the basis

of their races.

63.     At all relevant times herein, UNITED is the employer of the individuals responsible for the discrimination set forth hereafter in a place of public accommodation within the meaning of the NJLAD.

64.     Defendants JOHN DOE I and JOHN DOES II-X, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior,* are answerable to the plaintiff for the acts set forth herein.

65.     The UNITED employees' statements and actions were racial on their face and thus because of Plaintiffs' races.

66.     As a result of the discrimination, Plaintiffs experienced emotional pain and suffering.

67.     The conduct undertaken against the Plaintiffs was "because of" their races and/or were material and/or determinative factor in the manner in which they were treated.

68.     The conduct constitutes illegal discrimination in the utilization of a place of public accommodation.

69.     Plaintiffs' emotional responses were the same as that which would have been experienced by any reasonable person exposed to the same racially hostile actions.

70.     The discrimination was engaged in by an employee, operator, agent, and/or representative of Defendants.

71.     All conduct described herein was sufficiently outrageous, severe, intentional, malicious, or undertaken with a wonton and willful disregard for the rights

of Plaintiffs that punitive damages are appropriate.

72.     For the reasons set forth above, the aforementioned conduct constitutes discrimination in a place of public accommodation because of race, and it is the responsibility of Defendants both in compensatory and punitive damages.

73.     **WHEREFORE**, Plaintiffs demand judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IX: NEW JERSEY LAW AGAINST DISCRIMINATION REQUEST FOR EQUITABLE RELIEF CLAIM

74.     Plaintiffs hereby repeat and reallege paragraphs 1 through 20, as though fully set forth herein.

75.     Plaintiffs request the following equitable remedies and relief in this matter.

76.     Plaintiffs request a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

77.     Plaintiffs request that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiffs and as to all other individuals similarly situated.

78.     Plaintiffs request that the Court equitably order the defendants to pay costs and attorneys ' fees along with statutory and required enhancements to said attorneys' fees.

79.     Plaintiffs request that the Court do such other equity as is reasonable, appropriate and just.

80.    **WHEREFORE**, Plaintiffs demand judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs sue Defendant UNITED, JOHN DOE I, and JOHN DOES II-X for damages as set forth herein in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 6th day of December, 2021.

Respectfully submitted,

PETER KATZ
Law Offices of Peter Katz, LLC
116 Village Blvd., 2nd Floor
Princeton, NJ 08540
(609) 734-4380
peter@pkatzlegal.com